Andrea Weiss Jeffries (SBN: 183408)
andrea.jeffries@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile:  (213) 443-5400

Attorney for Defendants,
*Hasbro, Inc.* and *Hasbro Studios, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK ENTERTAINMENT GROUP, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>HASBRO, INC., a Rhode Island corporation; HASBRO STUDIOS, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:14-CV-05539-CBM-AJW<br><br>AMENDED ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COPYRIGHT INFRINGEMENT, BREACH OF CONTRACT AND ACCOUNTING<br><br>JURY TRIAL DEMAND |

# DEFENDANTS HASBRO, INC.'S AND HASBRO STUDIOS, LLC'S ANSWER TO LANDMARK ENTERTAINMENT GROUP, LLC'S COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and the Local Rules of this Court, defendants Hasbro, Inc. and Hasbro Studios, LLC ("Hasbro"), hereby respond to the allegations in the Complaint for Declaratory and Injunctive Relief, Copyright Infringement, Breach of Contract and Accounting (the "Complaint") filed by plaintiff Landmark Entertainment Group, LLC ("Landmark").

## PRELIMINARY STATEMENT

1. Hasbro is not required to respond to the legal conclusions in ¶1 of the Complaint; however, to the extent an answer is required, Hasbro denies all allegations in ¶1.

## JURISDICTION AND VENUE

2. Hasbro admits that Landmark alleges that it has brought this suit under the federal Copyright Act of 1976, as amended, 17 U.S.C. § 101 (the "Copyright Act"), but denies that Hasbro has violated the Copyright Act as alleged by Landmark.

3. Hasbro admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367, but denies that Hasbro is liable to Landmark as alleged under the federal and state claims alleged in the Complaint.

4. Admitted.

5. The defendants admit that Hasbro Studios, LLC has a regular and established place of business in this District and may be found in this District, and that the defendants do not contest venue in this District. The defendants otherwise deny the allegations in ¶5.

**THE PARTIES**

6. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶6 and therefore denies these allegations.

7. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶7 as to the meaning of the terms "successor-in-interest" and "as more fully alleged below," and therefore denies these allegations. Hasbro admits that: Milton Bradley Company ("Milton Bradley") was a Massachusetts corporation with it principal place of business originally located in Springfield, Massachusetts; Milton Bradley was a manufacturer of board games; and Hasbro acquired Milton Bradley and, ultimately, merged Milton Bradley into Hasbro. (Hasbro will sometimes be used for convenience in this Answer to refer to Milton Bradley and Hasbro). Hasbro denies all other allegations in ¶7.

8. Subject to its response to ¶7 of the Complaint regarding the merging of Milton Bradley into Hasbro, Inc., Hasbro admits the allegations of ¶8.

9. The defendants deny that Hasbro Studios is a Delaware limited liability corporation, but admit that it is a Delaware limited liability company. Hasbro admits the other allegations in ¶9.

10. Hasbro denies any and all allegations that it is liable to Landmark on any basis, or that any act or omission by Hasbro caused any damage to Landmark. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the other allegations in ¶10 and therefore denies the allegations in that paragraph.

FACTUAL ALLEGATIONS

11. Hasbro admits that the *Candy Land* board game has been revised over time to include certain artwork, characters and story lines. Hasbro denies all other allegations in ¶11 and further states that any artwork, characters and story lines that may have been developed by Landmark in connection with the *Candy Land* board game were works made for hire requested and duly paid for by Milton Bradley.

1  12. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶12 and therefore denies these allegations. The allegations in the second sentence of ¶12 are denied.

13. Hasbro admits that Milton Bradley signed two agreements, each of which state that they were effective as of May 18, 1983: one agreement was entitled "Memorandum of Agreement," which Landmark has incorrectly referred to as the "License Agreement"; the other agreement, also effective as of May 18, 1983, is a letter agreement. (For convenience, and without prejudice to any of its rights, remedies or defenses, Hasbro will refer to the "Memorandum of Agreement" as the "Memorandum Agreement" and to the letter agreement as the "Letter Agreement"). Hasbro further admits that the Memorandum Agreement and the Letter Agreement speak for themselves and denies all other allegations purporting to describe the terms thereof. Hasbro denies all other allegations in ¶13.

14. Hasbro admits that the Memorandum Agreement speaks for itself and denies all other allegations purporting to describe the terms thereof. Hasbro further states that Landmark's allegations have failed to take into account that any development work provided by Landmark was work made for hire, requested and fully paid for by Milton Bradley, as reflected in the Memorandum Agreement and the Letter Agreement. Hasbro denies all other allegations in ¶14.

15. Denied.

16. The Memorandum Agreement speaks for itself and Hasbro denies all allegations purporting to describe the terms thereof, including, without limitation, that Landmark owns the copyrights to the allegedly original works it allegedly created and licensed to Hasbro. Hasbro denies all other allegations in ¶16.

17. The copyright registrations listed in ¶17 speak for themselves and Hasbro denies all other allegations purporting to describe the terms thereof. Hasbro further states that Landmark has selectively and misleadingly referred to only certain portions of the copyright registrations. According to the online public

catalogue of the United States Copyright Office, all of the copyright registrations identified by Landmark also refer to "Candyland 35 piece floor puzzle" and as a "new lithographic reproduction: Milton Bradley Company, employer for hire." The names listed on the registrations are "Landmark Entertainment Group, Inc." and "Milton Bradley Company." Hasbro denies all other allegations in ¶17.

18. Hasbro admits that it did not report to Landmark in or before 2013 on its business plans, including its consideration of a feature film based on the *Candy Land* board game and characters that Hasbro owns, but denies that it had any obligation to make such a report. Hasbro also admits that it did not seek authorization from Landmark to make such a film, but denies that it had any such obligation. Hasbro further denies that it lacks the right(s) to make such a film, and that such a film involves any works owned by Landmark. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the other allegations in ¶18 and therefore denies these allegations.

19. Hasbro denies that it had any obligation under the Memorandum Agreement or otherwise to report the alleged floor puzzle sales or pay royalties thereon to Landmark as alleged in ¶19. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the other allegations in ¶19 and therefore denies the allegations in that paragraph.

20. Hasbro denies that it lacked authority under the Memorandum Agreement or otherwise to use characters in the *Candy Land* board game that it owns in the marketing and sale of "at least one home video cassette animated production," the electronic hand-held game, and/or the DVD-based video game referred to in ¶20. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the other allegations in ¶20 and therefore denies the allegations in that paragraph.

21. Hasbro admits that it received a letter dated September 6, 2013 from the Law Offices of Michael B. Wolf relating to "Candyland" and asserts that the

1  letter speaks for itself.  Hasbro denies all other allegations purporting to describe
2  the terms of the letter, including the implication that Hasbro was obligated to
3  provide accounting statements and royalty payments, to compensate Landmark for
4  prior uses of "Landmark's original Works which fell within the scope of the
5  License Agreement," or to obtain Landmark's authorization for any use of
6  Landmark's alleged original "Works" in connection with a feature film, as alleged
7  in ¶21.

8    22. Hasbro admits that it responded to Landmark's letter referenced in
9  ¶21 by its letter to Mr. Wolf dated December 11, 2013 and asserts that its
10 responsive letter speaks for itself.  Hasbro denies all other allegations purporting to
11 describe the terms of its letter.

12   23. Hasbro admits that it published an investor fact sheet in 2014 that
13 provided in relevant part that "[o]n the film side, the studio is developing and
14 producing a number of features based on Hasbro's brands, including . . . CANDY
15 LAND (Sony). . . ."  The investor fact sheet otherwise speaks for itself and Hasbro
16 denies all allegations purporting to describe the terms thereof.  Hasbro is without
17 knowledge or information sufficient to form a belief as to the truth of the other
18 allegations in ¶23.

19   24. Denied.
20   25. Denied.

21       **FIRST CLAIM FOR DECLARATORY JUDGMENT**
22         (Against All Defendants)

23   26. Hasbro repeats and realleges its responses to the allegations in ¶¶1-25.
24   27. Denied.
25   28. Denied.
26   29. Hasbro admits that Landmark has attached copies of copyright
27 registrations as listed in ¶29 but denies that Landmark has complied in all respects
28 with the United States Copyright Act of 1976 or that the copyright registrations

dated in June 2014 are valid and legally effective. Hasbro denies all other allegations in ¶29.

30. Hasbro admits that an actual controversy has arisen between the parties as to the copyright ownership and other rights in and to the characters, locations, storyline, artwork and other elements associated with the *Candy Land* board game, including whether Hasbro, as alleged, has breached the Memorandum Agreement and/or the Letter Agreement by failing to report sales and pay royalties. Hasbro denies all other allegations in ¶30.

31. Hasbro admits that Landmark seeks declaratory relief as alleged in ¶31 but denies that Landmark has any legal or factual basis for such relief.

32. Hasbro admits that a declaration of the parties' ownership rights and obligations regarding the characters, locations, storyline, artwork and other elements associated with the *Candy Land* board game, including whether Hasbro has breached the Memorandum Agreement or the Letter Agreement, as alleged, by failing to report sales and pay royalties, would be of assistance in resolving their dispute.

## SECOND CLAIM FOR RELIEF FOR COPYRIGHT INFRINGEMENT
### (Against All Defendants)

33. Hasbro repeats and realleges its responses to the allegations in ¶¶1-32.
34. Denied.
35. Denied.
36. Denied.
37. Hasbro admits that what purports to be Certificates of Registration are attached to the Complaint as Exhibits A through K, but denies any implication that Landmark is the owner of the items described in the Certificates or that Landmark had any right to file them.
38. Denied.
39. Denied.

1    40.    Denied.

2    41.    Hasbro is without knowledge or information sufficient to form a belief
3 as to the truth of the allegations concerning Landmark's state of mind as to what it
4 discovered and when, or when Landmark had notice or knowledge, or what
5 Landmark believed at any point in time and therefore denies these allegations.
6 Hasbro denies all other allegations in ¶41.

7    42.    Denied.

8    43.    Denied.

9    44.    Denied.

10    45.    Denied.

11    46.    Denied.

12    47.    Denied.

### THIRD CLAIM FOR RELIEF FOR BREACH OF CONTRACT

(Against Hasbro)

15    48.    Hasbro repeats and realleges its responses to the allegations in ¶¶1-47.

16    49.    Hasbro admits that the Memorandum Agreement speaks for itself and
17 denies all other allegations purporting to describe the terms thereof.  Hasbro further
18 states that the work done by Landmark in connection with the *Candy Land* board
19 game was work made for hire paid for by Hasbro and done at Hasbro's request, as
20 reflected in the Memorandum Agreement and the Letter Agreement.  Hasbro
21 denies all other allegations in ¶49.

22    50.    Hasbro admits that the Memorandum Agreement speaks for itself and
23 denies all other allegations purporting to describe the terms thereof.  Hasbro further
24 states that the work done by Landmark in connection with the *Candy Land* board
25 game was work made for hire paid for by Hasbro and done at Hasbro's request, as
26 reflected in the Memorandum Agreement and the Letter Agreement.   Hasbro
27 denies all other allegations in ¶50.

28

51. Hasbro admits that the Memorandum Agreement speaks for itself and denies all other allegations purporting to describe the terms thereof. Hasbro further states that the work done by Landmark in connection with the *Candy Land* board game was work made for hire paid for by Hasbro and done at Hasbro's request, as reflected in the Memorandum Agreement and the Letter Agreement. Hasbro states that whether the Memorandum Agreement "is a valid and subsisting agreement" is a legal conclusion as to which no response is required. To the extent a response is required, Hasbro denies the allegation that the Memorandum Agreement "is a valid and subsisting agreement," including because the claims asserted by Landmark are long since barred by the statute of limitations, and the doctrines of waiver and estoppel, and the equitable relief sought is barred by the doctrine of laches.

52. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the acts or omissions of Landmark over the more than 30 years that have elapsed since the effective dates of May 18, 1983 on the Memorandum Agreement and the Letter Agreement between the parties.

53. Denied.

54. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶54 concerning what Landmark purported to discover or when, and therefore denies these allegations. Hasbro denies all other allegations in ¶54, including without limitation, that Hasbro has breached the Memorandum Agreement or the Letter Agreement.

55. Denied.

### FOURTH CLAIM FOR RELIEF FOR AN ACCOUNTING
(Against Hasbro)

56. Hasbro repeats and realleges its responses to the allegations in ¶¶1-55.

57. Denied.

58. Denied.

59. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶59 and therefore denies the allegations in that paragraph.

60. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Landmark has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Landmark's claims are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Landmark's claims are barred because Landmark lacks valid copyright registrations for the intellectual property rights asserted, or has not properly or timely registered its works.

### FOURTH AFFIRMATIVE DEFENSE

Landmark's claims are barred by estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Landmark's claims are barred by the doctrines of waiver, inequitable conduct, unclean hands, and/or other applicable equitable defenses.

### SIXTH AFFIRMATIVE DEFENSE

Landmark's claims for equitable relief are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Landmark's copyrights are invalid and/or unenforceable.

### EIGHTH AFFIRMATIVE DEFENSE

Landmark's claims are barred, in whole or in part, because each of Hasbro's works identified in the Complaint was independently created by Hasbro.

Case 2:14-cv-05539-CBM-AJW   Document 22   Filed 10/03/14   Page 10 of 12   Page ID #:217

59. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶59 and therefore denies the allegations in that paragraph.

60. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Landmark has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Landmark's claims are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Landmark's claims are barred because Landmark lacks valid copyright registrations for the intellectual property rights asserted, or has not properly or timely registered its works.

### FOURTH AFFIRMATIVE DEFENSE

Landmark's claims are barred by estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Landmark's claims are barred by the doctrines of waiver, inequitable conduct, unclean hands, and/or other applicable equitable defenses.

### SIXTH AFFIRMATIVE DEFENSE

Landmark's claims for equitable relief are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Landmark's copyrights are invalid and/or unenforceable.

### EIGHTH AFFIRMATIVE DEFENSE

Landmark's claims are barred, in whole or in part, because each of Hasbro's works identified in the Complaint was independently created by Hasbro.

-9-
AMENDED ANSWER TO COMPLAINT AND JURY TRIAL DEMAND
Case No. 2:14-CV-05539-CBM-AJW

### NINTH AFFIRMATIVE DEFENSE

Landmark's claims are barred, in whole or in part, because any similarity to the allegedly infringed works stems from unprotectable ideas and/or scenes-a-faire.

### TENTH AFFIRMATIVE DEFENSE

Landmark's claims are barred by Landmark's license, consent, and acquiescence to Hasbro's use.

### ELEVENTH AFFIRMATIVE DEFENSE

Landmark's claims are barred, in whole or in part, because Hasbro's conduct was in good faith and with non-willful intent, at all times.

### TWELFTH AFFIRMATIVE DEFENSE

Landmark's claims are barred, in whole or in part, because Landmark lacks standing.

### THIRTEENTH AFFIRMATIVE DEFENSE

Landmark's claims are barred, in whole or in part, by lack of ripeness.

### FOURTEENTH AFFIRMATIVE DEFENSE

Landmark has an adequate remedy at law and, therefore, all claims for equitable relief are inapplicable.

### FIFTEENTH AFFIRMATIVE DEFENSE

Landmark has failed to reasonably mitigate its damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Landmark's claims are barred, in whole or in part, by the Fair Use doctrine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Landmark's claims are barred, in whole or in part, because Landmark received everything it was due under the parties' agreements.

### ADDITIONAL DEFENSES

Hasbro reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

## JURY TRIAL DEMAND

Hasbro requests a jury trial, pursuant to Federal Rule of Civil Procedure 38(b), of any issues that may be tried to a jury.

Dated: October 3, 2014						WILMER CUTLER PICKERING HALE AND DORR LLP


							By: /s/ Andrea Weiss Jeffries
								Andrea Weiss Jeffries

							Attorney for Defendants,
							*Hasbro, Inc.* and *Hasbro Studios, LLC*