Sheldon Eisenberg (SBN 100626)
sheldon.eisenberg@dbr.com
Adam J. Thurston (SBN 162636)
adam.thurston@dbr.com
Erin McCracken (SBN 244523)
erin.mccracken@dbr.com
**DRINKER BIDDLE & REATH LLP**
1800 Century Park East, Suite 1500
Los Angeles, California 90067-1517
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Attorneys for Plaintiff
Landmark Entertainment Group, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK ENTERTAINMENT GROUP, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC., a Rhode Island corporation; HASBRO STUDIOS, LLC, a Delaware limited liability company; [and DOES 1 through 10, inclusive],<br><br>Defendants. | Case No. 2:14-cv-05539-CBM-AJW<br><br>**[DISCOVERY MATTER]**<br><br>*Hon. Andrew J. Wistrich*<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF LANDMARK ENTERTAINMENT GROUP, LLC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>[Filed Concurrently With Declaration of Adam J. Thurston]<br><br>Hearing Date: July 20, 2015<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom 690<br><br>Discovery Cut-Off: September 30, 2015<br>Pre-Trial Conference: January 5, 2016<br>Trial Date: February 2, 2016 |

Landmark Entertainment Group, LLC ("Landmark") submits the following Supplemental Memorandum pursuant to Local Rule 37-2.3 in support of Landmark's Motion to Compel Defendants Hasbro, Inc. and Hasbro Studios, LLC (collectively, "Hasbro") to produce responsive documents.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

SUP. MEMO ISO LANDMARK'S MOTION
TO COMPEL PRODUCTION OF DOCS
81423194.2

- 1 -

CASE NO. 2:14-cv-05539-CBM-AJW

## I. INTRODUCTION

In its portion of the Joint Stipulation, Hasbro offers no competent evidence, argument, or authority that the Motion should be denied. In fact, Hasbro effectively concedes that the requests at issue seek documents that are relevant to the subject matter of this case, which is tantamount to an admission that the discovery should be allowed and the Motion granted.

Hasbro makes two main arguments, both of which should be rejected. First, Hasbro argues that Landmark's requests are overly broad, and that any ordered production should be limited to the specific documents described in the illustrative examples provided by Landmark to demonstrate that the requests seek relevant information. However, Hasbro's position turns the discovery rules on their head. Landmark has demonstrated that its requests seek relevant categories of documents. Thus, the burden falls on Hasbro as the party resisting discovery to offer specific evidence and reasons demonstrating why it should be permitted to withhold all or a portion of the requested materials. Hasbro has failed to do so. The notion that Landmark must somehow predict and demonstrate the relevance of every conceivable responsive document that Hasbro is withholding is unsupported.

Second, Hasbro argues that it has expressed a willingness to produce *some* of the requested documents, and that the Motion should be denied as a result. However, Hasbro offers no justification for the arbitrary limitations it proposes. Further, Hasbro has had more than seven months to comply with Landmark's requests, and a Court order is now required to ensure a satisfactory production in light of the looming discovery cut-off date, which is just three months away.

The Motion should be granted in its entirety.

## II. PRODUCTION SHOULD NOT BE LIMITED TO LANDMARK'S THE ILLUSTRATIVE EXAMPLES

Hasbro contends that any ordered production should be limited to the specific examples that Landmark offered in the Joint Stipulation to illustrate the relevancy

1  of the requested documents. This contention should be rejected.

2  But before addressing the merits of Hasbro's contention, it should be noted at
3  the outset that, by arguing that production should be limited to the examples
4  provided by Landmark, Hasbro has effectively conceded that the document requests
5  at issue seek relevant information that Hasbro continues to withhold. Landmark's
6  motion should be granted for this reason alone.

7  Hasbro cites no authority for the proposition that Landmark should be limited
8  to the illustrative examples that it provided in the Joint Stipulation to show that the
9  document requests are relevant to the subject matter of the case. The law is actually
10 to the contrary. First, Landmark is under no obligation to specifically describe each
11 particular kind of document that might be responsive to its requests in order to be
12 entitled to a production. A request for documents is sufficient if it seeks a category
13 of documents that is described with "reasonable particularity." Fed. R. Civ. Proc.
14 34(b)(1)(A). The "reasonable particularity" requirement is satisfied if a reasonable
15 person would be able to ascertain what items to produce. *Mailhoit v. Home Depot,*
16 *U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012). Document requests seeking
17 categories of documents relating to a particular subject matter, like the requests do
18 here, have been held to be adequate. *Id.* at 572-73.

19 Second, the illustrative examples provided by Landmark demonstrate that the
20 document requests relate to relevant subject matters and, as discussed above,
21 Hasbro has effectively conceded this point. This is sufficient to entitle Landmark to
22 a complete production in response. *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D.
23 Cal. 1992) (relevancy should be construed liberally and discovery permitted unless
24 the information sought has no conceivable bearing on the case). Importantly, ***the***
25 ***burden is on Hasbro*** to demonstrate why particular documents falling within the
26 scope of an otherwise relevant request should not have to be produced. *U.S. ex rel.*
27 *Fiederer v. Healing Hearts Home Care, Inc.*, No. 2:13-CV-1848-APG-VCF, 2014
28 WL 4666531, at *3 (D. Nev. Sept. 18, 2014).

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

SUP. MEMO ISO LANDMARK'S MOTION
TO COMPEL PRODUCTION OF DOCS         - 3 -          CASE NO. 2:14-cv-05539-CBM-AJW
81423194.2

Yet, Hasbro attempts to turn these rules on their head, arguing that, to be entitled to discovery, Landmark must somehow muster supernatural powers of prescience to describe every conceivable kind of specific document that Hasbro is withholding, and make a specific showing of relevance as to each of these documents that Landmark has never seen. There is no authority to support conditioning a moving party's right to documents upon their ability to demonstrate such prescience. Doing so would reduce discovery to a cat and mouse game, and would undermine the purpose of the federal discovery rules to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Hill v. Eddie Bauer*, 242 F.R.D. 556, 560 (C.D. Cal. 2007).

### III. HASBRO OFFERS NO JUSTIFICATION FOR LIMITING THE PRODUCTION IN THE WAY IT PROPOSES

Throughout the Joint Stipulation, Hasbro suggests that the motion could be avoided because Hasbro is willing to produce *some* of the documents requested. However, Hasbro offers no evidence, argument, or authority for limiting the production in the way it proposes; it simply proclaims what it is willing to produce, and presumes that the Court should accept these parameters. Hasbro's unsupported position is improper and should be rejected.

For example, Hasbro offers literally nothing to refute the clear relevance of the information Landmark seeks in Request No. 42 regarding Hasbro's profits, or the specific information necessary to the royalty calculation. In its portion of the Joint Stipulation, Landmark offered evidence and authority, including the royalty provision under the License Agreement and relevant provisions of the Copyright Act, to support its argument that the information sought is relevant, and indeed critical, to Landmark's calculation of damages. (*See* Joint Stipulation at 23-29.) Hasbro makes no effort to contest the relevancy of the requested documents.

Indeed, Hasbro's "Contentions and Points and Authorities" contains no contentions and cites no authority. (*Id.* at 29-30.) Hasbro simply declares the

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

SUP. MEMO ISO LANDMARK'S MOTION
TO COMPEL PRODUCTION OF DOCS - 4 - CASE NO. 2:14-cv-05539-CBM-AJW
81423194.2

documents it is willing to produce and – without explaining why the Court should accept Hasbro's seemingly arbitrary proposal – concludes that the Court should order production of only those documents. (*Id.* at 30.)

Though Hasbro suggests in passing that producing the requested documents would be "overly broad and unduly burdensome," this cursory objection is insufficient on its face. (*Id.*) The party resisting discovery carries a "heavy burden of showing why discovery should be denied" by "specifically detail[ing] the reasons why each request is improper." *U.S. ex rel Fiederer*, 2014 WL 4666531 at *3. At no point in the Joint Stipulation or its supporting declaration does Hasbro offer any specific evidence to substantiate the claimed hardship. All that Hasbro offers is unsupported, boilerplate objections, which are insufficient as a matter of law. *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections." (internal citations omitted)).

Moreover, Hasbro's stated willingness to make a limited production of documents is also insufficient given the history and procedural posture of the case. First, the limited production proposed by Hasbro is insufficient and unsupported by any evidence or authority in its portion of the Joint Stipulation. Second, Landmark's requests were served over seven months ago, on November 26, 2014. Hasbro has had more than adequate time to produce its documents in response. A court order is needed to ensure compliance at this point because the fact discovery cut-off date in this case is September 30, 2015. Landmark should not be required to start the motion to compel process over again if Hasbro's promised supplemental production turns out to be inadequate or untimely.[1] Landmark requires Hasbro to

---

[1] Hasbro attaches as Exhibit L to the Declaration of Rebecca Girolamo a letter from Hasbro's counsel to Landmark's counsel proposing a limited production in exchange for Landmark's agreement to take this Motion off calendar. However,

(Continued)

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

SUP. MEMO ISO LANDMARK'S MOTION
TO COMPEL PRODUCTION OF DOCS — - 5 -     CASE NO. 2:14-cv-05539-CBM-AJW
81423194.2

1  produce all responsive documents so that Landmark's counsel has the opportunity
2  to review them and prepare for depositions.

## IV. CONCLUSION

For the reasons stated herein and in Landmark's portion of the Joint Stipulation, Landmark respectfully requests that this Court grant the Motion to Compel and enter the [Proposed] Order submitted by Landmark with its Motion.

Respectfully submitted,

Dated: July 6, 2015

DRINKER BIDDLE & REATH LLP

By: /s/ Adam J. Thurston
Sheldon Eisenberg
Adam J. Thurston

Attorneys for Plaintiff
Landmark Entertainment Group, LLC

---

(Continued)

Hasbro neglected to attach the response of Landmark's counsel, sent later the same day. A copy of Landmark's response is attached to the Supplemental Declaration of Adam J. Thurston filed concurrently herewith as Exhibit 10.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

SUP. MEMO ISO LANDMARK'S MOTION
TO COMPEL PRODUCTION OF DOCS
81423194.2

- 6 -

CASE NO. 2:14-CV-05539-CBM-AJW