SHELDON EISENBERG (SBN 100626)
sheldon.eisenberg@dbr.com
ADAM J. THURSTON (SBN 162636)
adam.thurston@dbr.com
ERIN E. MCCRACKEN (SBN 244523)
erin.mccracken@dbr.com
DRINKER BIDDLE & REATH LLP
1800 Century Park East
Suite 1500
Los Angeles, CA 90067-1517
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Attorneys for Plaintiff
Landmark Entertainment Group, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK ENTERTAINMENT GROUP, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC., a Rhode Island corporation; HASBRO STUDIOS, LLC, a Delaware limited liability company; [and DOES 1 through 10, inclusive],<br><br>Defendants. | Case No. 2:14-cv-05539-CBM-AJW<br><br>**[DISCOVERY MATTER]**<br><br>*Hon. Andrew J. Wistrich*<br><br>**DECLARATION OF ADAM J. THURSTON IN SUPPORT OF SUPPLEMENTAL MEMORANDUM**<br><br>[Filed Concurrently With Supplemental Memorandum in Support of Landmark Entertainment Group, LLC's Motion to Compel Production of Documents]<br><br>Hearing Date: July 20, 2015<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom 690<br><br>Discovery Cut-Off: September 30, 2015<br>Pre-Trial Conference: January 5, 2016<br>Trial Date: February 2, 2016 |

DECLARATION OF ADAM J. THURSTON

I, Adam J. Thurston, declare as follows:

1. I am an attorney duly admitted to practice law in the State of California and admitted to practice before this Court. I am a partner in the law firm of Drinker Biddle & Reath LLP, counsel of record herein for Plaintiff Landmark Entertainment Group, LLC ("Landmark"). I have personal knowledge of the facts set forth in this Declaration, and if called upon to testify, I could and would testify competently to the truth of the matters set forth in this Declaration.

2. On June 10, 2015 at 10:17 a.m., Hasbro's counsel transmitted by e-mail a letter proposing a limited production in exchange for Landmark's agreement to take the Motion to Compel off calendar. Hasbro attached a copy of this letter to the Declaration of Becky Girolamo as Exhibit L. However, Hasbro did not attach my letter in response to this correspondence, which I sent later the same day. Attached hereto as Exhibit 10 is a true and correct copy of my response to Hasbro's counsel, transmitted by e-mail on June 10, 2015 at 5:05 p.m.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on June 12, 2015 in Los Angeles, California.

/s/ *Adam J. Thurston*
Adam J. Thurston

# EXHIBIT 10

## Thurston, Adam J.

| | |
|---|---|
| **From:** | Thurston, Adam J. |
| **Sent:** | Wednesday, June 10, 2015 5:05 PM |
| **To:** | Jeffries, Andrea |
| **Cc:** | Cultice, Robert; Alexander, Sandy; Bahal, Tasha J.; Girolamo, Becky; Eisenberg, Sheldon |
| **Subject:** | RE: Landmark v. Hasbro |
| **Attachments:** | Letter to Jeffries 6-10-2015.pdf |

Andrea,

Our response is attached.

Adam

Adam J. Thurston
**Drinker Biddle & Reath LLP**
1800 Century Park East, Ste. 1500
Los Angeles, CA 90067
(310) 203-4039 *office*
(310) 229-1285 *fax*
Adam.Thurston@dbr.com
www.drinkerbiddle.com


**From:** Jeffries, Andrea [mailto:Andrea.Jeffries@wilmerhale.com]
**Sent:** Wednesday, June 10, 2015 10:17 AM
**To:** Thurston, Adam J.; Eisenberg, Sheldon
**Cc:** Cultice, Robert; Alexander, Sandy; Bahal, Tasha J.; Girolamo, Becky
**Subject:** RE: Landmark v. Hasbro

Adam,
Please see the attached letter.

Regards,
Andrea


**Andrea Weiss Jeffries | WilmerHale**
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071 USA
+1 213 443 5397 (t)
+1 213 443 5400 (f)
andrea.jeffries@wilmerhale.com

### Please consider the environment before printing this email.

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

1

**From:** Thurston, Adam J. [mailto:Adam.Thurston@dbr.com]
**Sent:** Monday, June 08, 2015 5:37 PM
**To:** Jeffries, Andrea; Eisenberg, Sheldon
**Cc:** Cultice, Robert; Alexander, Sandy
**Subject:** RE: Landmark v. Hasbro

Andrea,

We were planning to file at the earliest opportunity, which we anticipated being Wednesday or Thursday, depending upon how long it takes to finalize the papers and get your authorization to file.

Once we get your portion, we have to "incorporate it" into the joint stipulation, if you have not done so already, and then send it back to you for your "signature." You have until the end of the next business day to either sign it or authorize us to use your electronic signature. Then we can file all the papers.

If you agree to get us your portion of the joint stip already incorporated into the document I sent to you, together with the supporting declarations and exhibits in .pdf format and ready to file by Friday morning, and agree to authorize us to file with your e-signature the same day, you can have the extension to Friday.

Adam

Adam J. Thurston
**Drinker Biddle & Reath** LLP
1800 Century Park East, Ste. 1500
Los Angeles, CA 90067
(310) 203-4039 *office*
(310) 229-1285 *fax*
Adam.Thurston@dbr.com
www.drinkerbiddle.com

---

**From:** Jeffries, Andrea [mailto:Andrea.Jeffries@wilmerhale.com]
**Sent:** Monday, June 08, 2015 4:24 PM
**To:** Thurston, Adam J.; Eisenberg, Sheldon
**Cc:** Cultice, Robert; Alexander, Sandy
**Subject:** RE: Landmark v. Hasbro

Adam,
Thanks for your response. When are you planning to file? Could we have at least until Friday?

---

**From:** Thurston, Adam J. [mailto:Adam.Thurston@dbr.com]
**Sent:** Monday, June 08, 2015 4:21 PM
**To:** Jeffries, Andrea; Eisenberg, Sheldon
**Cc:** Cultice, Robert; Alexander, Sandy
**Subject:** RE: Landmark v. Hasbro

Andrea,

Sheldon is out of the office this afternoon in meetings.

2

The problem is that the court will not reserve the hearing date, and it could become "closed" at any moment. The only way to lock in the hearing date is to file the papers. Accordingly, the longer we wait to file the papers, the higher the risk that we will lose the July 20 hearing date and get pushed back to a later date. I would prefer to get the papers filed in order to lock in the date, and then take care of any narrowing of the issues by way of the supplemental briefs.

Adam

Adam J. Thurston
**Drinker Biddle & Reath LLP**
1800 Century Park East, Ste. 1500
Los Angeles, CA 90067
(310) 203-4039 *office*
(310) 229-1285 *fax*
Adam.Thurston@dbr.com
www.drinkerbiddle.com

---

**From:** Jeffries, Andrea [mailto:Andrea.Jeffries@wilmerhale.com]
**Sent:** Monday, June 08, 2015 4:18 PM
**To:** Eisenberg, Sheldon
**Cc:** Thurston, Adam J.; Cultice, Robert; Alexander, Sandy
**Subject:** Landmark v. Hasbro

Sheldon,
I am writing to follow up on my voice message. May we have until Monday, June 15, to provide you with our portion of the joint stipulation? Our hope is that we will be able to narrow (if not obviate) the dispute by then. We view this request to be reasonable given the hearing date of July 20.

Thanks very much,
Andrea

**Andrea Weiss Jeffries | WilmerHale**
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071 USA
+1 213 443 5397 (t)
+1 213 443 5400 (f)
andrea.jeffries@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

******************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
******************************************

3

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*************************************

*************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*************************************

# DrinkerBiddle&Reath LLP

Adam J. Thurston
310-203-4039 Direct
310-229-1285 Fax
adam.thurston@dbr.com

Law Offices

1800 Century Park East
Suite 1500
Los Angeles, CA
90067-1517

(310) 203-4000 phone
(310) 229-1285 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON D.C.
WISCONSIN

Established 1849

June 10, 2015

**VIA E-MAIL**

Andrea Weiss Jeffries, Esq.
WilmerHale
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
andrea.jeffries@wilmerhale.com

Re:   *Landmark Entertainment Group, LLC v. Hasbro, Inc. et al.*

Dear Andrea:

I am responding to your letter of today's date regarding Landmark's outstanding joint stipulation in support of its motion to compel further production of documents by the defendants. We look forward to receiving an additional production of documents from Hasbro. Subject to the clarifications below, if we receive the supplemental production in sufficient time before the hearing to allow us the opportunity to review the documents, and if the production appears to be satisfactory, we will certainly withdraw the motion. In the meantime, however, we need to leave the motion on calendar due to the scheduling requirements of the case.

Magistrate Judge Wistrich does not permit the parties to reserve hearing dates, and the first available open hearing date is typically at least 40 days from the time a motion is filed. In addition, under the Local Rules, the parties are required to meet and confer, which typically takes one to two weeks to schedule and complete. The Local Rules further provide that the motion cannot be filed until the joint stipulation has been completed, which takes at least an additional 8 days. In this case, Hasbro has been in possession of Landmark's portion of the joint stipulation since May 20, and has been granted two extensions to return its portion, resulting in a joint stipulation process that has taken 23 days to complete.

Thus, it takes a minimum of two months from the date the motion to compel process is initiated to have a motion to compel heard, and a three-month process is entirely possible. Assuming the motion is granted, Landmark will then have to wait for the production of documents itself following the court order, and review the documents, before it is in a position to use the documents in depositions. Landmark would consider itself fortunate indeed if this process could be completed in 30 days.

The fact discovery cut-off date in this case is September 30, 2015, which is just over three months from now. Thus, we are simply not in a position to take the motion off calendar unless and until we are in possession of a satisfactory production of documents

81169339.1

DrinkerBiddle&Reath

Andrea Weiss Jeffries, Esq.
June 10, 2015
Page 2

from Hasbro. Landmark's requests were served over six months ago, on November 26, 2014.

Turning to your offer to make a supplemental production, you are correct that Landmark seeks to compel a further production in response to Request Nos. 42, 45, and 46. Broadly and generally speaking, the motion focuses on the inadequacy of Hasbro's production in three respects:

1. The refusal to produce financial and budgeting information sought by the requests.

2. The refusal to produce written communications, including emails, relating to the Candy Land film project.

3. The refusal to produce documentation of the sales of merchandise incorporating the copyrighted Works.

With respect to the first category, we appreciate your offer to produce the requested documents. Obviously, we will not be in a position to evaluate the completeness or sufficiency of the production until we have received and reviewed it.

With respect to the second category, we do not agree that a production of written communications limited to those which reference the creation and/or use of the characters in the movie would be sufficient. As stated in Landmark's portion of the joint stipulation, communications regarding the Candy Land movie project are relevant and discoverable, and we have no way of knowing whether the limitation you are proposing would result in the exclusion of documents that would be of interest or significance. Moreover, the standard you are proposing is too subjective to provide any assurance that the production of documents would be complete. For example, we would think that any email regarding a Candy Land movie that incorporates the Works would qualify as one which indirectly references the Works. You would apparently hold a different view, and it is not at all clear where the line would be drawn.

Nor would we agree that written communications limited to the financial terms and budgets for the Candy Land movie project would be sufficient. Landmark's requests seek communications regarding other documents as well, such as letters of intent, agreements, meeting minutes, memoranda, notes, analyses, economic models, contemplated deal structures, and projections.

With respect to the third category, we do not agree that the production of revenue data by year is adequate. As stated in Landmark's portion of the joint stipulation, we need more detailed information than mere revenue by year. We need documents disclosing: (i) the products sold by name, type of product, and part number; (ii) the consideration Hasbro received for the sales; (iii) the profits Hasbro made on the sales; (iv) the "Net Jobber's

81169339.1

DrinkerBiddle&Reath

Andrea Weiss Jeffries, Esq.
June 10, 2015
Page 3

Selling Price" (which is what the 3% royalty is applied to under the License Agreement); (v) the number of units sold; and (vi) the purchasers of the products

We hope to receive a further production from Hasbro in time to resolve this matter without burdening the court with a motion hearing. In the interim, however, we are constrained to insist that we complete the briefing on the motion so that we may file on Friday and hold our hoped for July 20 hearing date.

Very truly yours,

Adam J. Thurston

cc: Sheldon Eisenberg

81169339.1