Andrea Weiss Jeffries (SBN: 183408)
andrea.jeffries@wilmerhale.com
Rebecca Girolamo (SBN: 293422)
rebecca.girolamo@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile:  (213) 443-5400

Attorneys for Defendants
*Hasbro, Inc.* and *Hasbro Studios LLC*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK ENTERTAINMENT GROUP, LLC, a California limited liability company,<br><br>                    Plaintiff,<br><br>    vs.<br><br>HASBRO, INC., a Rhode Island corporation; HASBRO STUDIOS, LLC, a Delaware limited liability company; [and DOES 1 through 10, inclusive],<br><br>                    Defendants. | **DISCOVERY MATTER**<br><br>*Hon. Andrew J. Wistrich*<br><br>Case No.  2:14-cv-05539-CBM-AJW<br><br>**LEAVE TO FILE GRANTED 7/16/2015**<br><br>**SUPPLEMENTAL MEMORANDUM OPPOSING LANDMARK ENTERTAINMENT GROUP, LLC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Hearing Date:         July 20, 2015<br>Hearing Time:        10:00 a.m.<br>Location:               Courtroom 690<br><br>Discovery Cut-Off:    Sept. 30, 2015<br>Pre-Trial Conference: Jan. 5, 2016<br>Trial Date:                Feb. 2, 2016 |

Hasbro, Inc. and Hasbro Studios, LLC (collectively, "Hasbro") submit this Supplemental Memorandum pursuant to Local Rule 37-2.3 in opposition to Landmark's Motion to Compel.

In the Joint Stipulation filed on June 12, 2015, Hasbro stated that although it maintains its objections to Landmark's overly broad and burdensome Requests for Production 42, 44, and 45, it would compromise by producing documents within the scope of the requests, as Landmark had clarified the requests in its portion of the Joint Stipulation. Dkt. 38-1 at 24:1-4; 24:25-25:6; 33:11-18. Hasbro did what it promised: Hasbro has produced a substantial volume of documents within the scope of Landmark's requests, including documents Landmark identified in its portion of the Joint Stipulation.

Having received nearly all it sought in its motion, Landmark filed a Supplemental Memorandum (Dkt. 39), seeking to expand its motion to now compel Hasbro to produce *all documents* within the full scope of RFPs 42, 44, and 45. This shifting of the ground on its motion after Hasbro has been diligently searching for and producing documents responsive to Landmark's requests is both unfair and unwarranted. Hasbro has not, in fact, limited its production to the specific examples set forth by Landmark in the Joint Stipulation, as Landmark suggests. Instead, Hasbro has used as a guide Landmark's description of the materials it views to be relevant in this matter, as set forth in its portion of the Joint Stipulation. *E.g.*, Dkt. 38-1 at 24 (Hasbro identifying two broad categories of information Hasbro agreed to produce, which are not limited to the examples offered by Landmark). In so doing, Hasbro has produced over 75,000 pages of documents covering the very types of documents Landmark has specified. Requiring Hasbro to do more would be disproportionate to the issues and value of this case—indeed, Landmark has produced a mere 397 pages of documents. Landmark is overreaching and its motion should be denied.

## DOCUMENTS RELATED TO A POTENTIAL MOVIE

Landmark seeks "*all documents relating to*" a potential Candy Land movie. Hasbro has produced more than 50,000 pages of documents relating to the potential Candy Land movie — a movie which has not been made and may never be made. Hasbro produced:

- Artwork, scripts, screenplays, and other documents from shared folders used for a potential movie;
- Agreements with movie studios;
- Budgets and financial projections;
- Emails and attachments from the active and archived email accounts of ten employees likely to have information about a potential movie; and
- Non-privileged electronic and hard copy files from Hasbro's attorneys who corresponded with movie studios or maintained documents related to a potential movie.

These documents show, *inter alia*, the artwork and scripts that Hasbro possesses, the financial terms that Hasbro employees projected for a movie, and the people and circumstances involved in the movie project. Hasbro could not reasonably be expected to produce "all documents" that might somehow be related to a potential movie; it has conducted a reasonable search and produced relevant materials. In a corporation with approximately six thousand employees, such an "all documents" production could involve large volumes of documents, and would not differ substantively from what has already been produced. Stated differently, any additional documentation would likely be cumulative or irrelevant.

## DOCUMENTS SUFFICIENT TO SHOW PAST SALES

Landmark seeks documents "sufficient to show" Hasbro's past sales of Candy Land-related merchandise, including the revenue, profit, and purchaser associated with *every sale in the past thirty years*. Hasbro has produced more than

2

10,000 pages providing more than sufficient information about its past sales, including:

- Year-by-year, product-by-product sales data from Hasbro's current accounting system;
- Year-by-year, product-by-product sales data recovered from Hasbro's archived former mainframe system;
- Year-by-year, product-by-product data regarding net revenue, cost, and profit;
- Product catalogs and line plans; and
- Data and images for licensed products related to Candy Land.

The documents show what Hasbro sold and what it earned from those sales.

The statute of limitations for copyright infringement is 3 years. It is unreasonable for Landmark to sit silent for almost *thirty years* and then demand that Hasbro produce documents showing details regarding the individual price, profit, and purchaser for every time Hasbro (or its predecessor Milton Bradley) sold a Candy-Land related product anywhere in the world since 1985. That would be a massive, burdensome effort for no legitimate purpose. Landmark is not entitled to damages going back decades. If, contrary to the law, Landmark proves that it is entitled to damages for decades-old transactions, the amount of those damages can be calculated from the data that Hasbro has produced.

For the reasons stated in the Joint Stipulation, and in light of Hasbro's diligent and comprehensive production, Landmark should withdraw its motion. If Landmark does not withdraw the motion, the Court should not permit Landmark to benefit from the asymmetrical nature of this case by pushing for marginal discovery at significant cost to Hasbro. Landmark's motion should be denied.

Dated: July 17, 2015

WILMER CUTLER PICKERING
HALE AND DORR LLP

By /s/ Andrea Weiss Jeffries
    Andrea Weiss Jeffries

Attorney for Defendants
*Hasbro, Inc.* and *Hasbro Studios, LLC*